UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-80687-CIV-COHN/SNOW

MEAGHER'S NURSERY, INC., a Florida
corporation,

       Plaintiff,

vs.

RANDOLPH EQUITIES, LLC, an Illinois
limited liability company,

       Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR REHEARING AND RECONSIDERATION

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Rehearing and Reconsideration as to Granting of Summary Judgment [DE 47] and Request for Oral Argument [DE 50]. The Court has carefully considered the Motion, Response [DE 61], Reply [DE 64], accompanying declarations and deposition excerpts, the underlying record in this case, and is otherwise fully advised in the premises.

### I.  BACKGROUND

Plaintiff Meagher's Nursery, Inc. filed this action in the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida alleging breach of contract and seeking declaratory relief. Defendant Randolph Equities, LLC removed the case to this Court on July 19, 2006 pursuant to this Court's diversity jurisdiction. The facts of the case are set forth in this Court's Order Granting Summary Judgment [DE 45], and the Court adopts that recitation of the facts herein.

The case arises out of a contract for purchase of a parcel of land from Plaintiff by

Defendant. The Court granted Defendant's Motion for Summary Judgment. Specifically, the Court determined that the unambiguous terms of the parties' contract afforded Defendant the right to terminate the agreement and be returned its $150,000 earnest money deposit if, at the conclusion of the agreed extended due diligence period, a Phase II environmental study of the property was not completed and delivered to the Defendant. Pursuant to the terms of the contract, the Court awarded Defendant all costs and expenses incurred in defending the matter including attorneys' fees. Plaintiff now moves for reconsideration of the Order claiming that the Court overlooked material issues of fact which bar the granting of summary judgment.

## II. MOTION FOR RECONSIDERATION STANDARD

There are three grounds which justify the filing of a motion for reconsideration: "1) an intervening change in controlling law; 2) the availability of new evidence; and 3) the need to correct clear error or prevent manifest injustice." Williams v. Cruise Ships Catering & Service Int'l, N.V., 320 F. Supp. 2d 1347, 1357-58 (S.D. Fla. 2004); Reyher v. Equitable Life Assur. Soc., 900 F. Supp. 428, 430 (M.D. Fla. 1995). A motion for reconsideration is not intended to be a tool for relitigating what a court has already decided. Reyher, 900 F. Supp. at 430. Rather, it "must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Id. (internal quotations omitted). In this case, Plaintiff argues that its Motion for Reconsideration should be granted to correct clear error or prevent manifest injustice.

III.  ANALYSIS

A.  Summary Judgment Standard

Plaintiff first argues that the Court improperly applied the federal law standard for deciding summary judgment in light of the Florida choice-of-law clause contained in § 18.02 of the contract which states, "It is the intention of the parties that this Contract be construed in accordance with the provisions of Florida law."  Plaintiff alleges that the Court should have applied Florida's summary judgment standard and relevant case law in making this determination.  Plaintiff also alleges that this standard is a substantive rather than procedural legal issue.

The summary judgment standard applied by the Court is a procedural rule contained in Federal Rule of Civil Procedure 56.  Contrary to Plaintiff's argument, § 18.02 of the contract does not change the fact that federal procedural rules apply to this case which was properly removed to federal court.  See Smith v. EMC Corp., 393 F.3d 590, 597 (5th Cir. 2004) ("The state's law specified by the choice-of-law clause is applied only to those claims pertaining to the instrument"); MedCap Corp. v. Betsy Johnson Health Care Systems, Inc., 16 Fed. Apx. 180, 182 n.2 (4th Cir. 2001) (citing Cole v. Mileti, 133 F.3d 433, 437 (6th Cir. 1998) ("[C]ontractual choice-of-law clauses incorporate only substantive law, not procedural provisions")).  As such, the Court properly applied the federal summary judgment standard contained in Federal Rule of Civil Procedure 56 and Florida substantive contract law when deciding whether summary judgment was proper.  Therefore, this portion of Plaintiff's Motion for Reconsideration is denied.

## B.  Remaining Issues of Material Fact

Plaintiff next argues that there are remaining issues of material fact, namely whether Defendant engaged in bad faith dilatory practices, which bar the granting of summary judgment.  After reviewing the record in this case, the Court again finds that there are no issues of material fact which require the denial of summary judgment.

The sole issue is whether Defendant properly terminated the contract in accordance with the terms of the agreement.  The agreement specifically stated that Defendant had until May 26, 2006, the end of the extended due diligence period, to terminate the agreement if a Phase II environmental study was not completed and delivered to the Defendant or the Phase II result indicated that it would take longer than six months to remediate any problems with the property.  The express and unambiguous terms of the agreement did not indicate that Defendant was required to place a time limit on EE&G, the company who conducted the Phase II study.  The sole requirement was that Defendant engage EE&G within twenty-four hours of execution of the amendment.[1]  As such, Defendant properly and timely terminated the agreement

---

[1] While the affidavit of Gabrielle Meagher [DE 47, ¶ 20] attached to Plaintiff's Motion for Reconsideration, contends that Defendant failed to comply with the twenty-four hour requirement, this issue was not raised in the Complaint or in response to Defendant's Motion for Summary Judgment.  The Court finds that this is not an issue which can be raised in a Motion for Reconsideration since Plaintiff does not state that it was unaware of this fact at the time it filed the Complaint and/or Response to Motion for Summary Judgment.  In addition, issues raised in Ms. Meagher's declaration regarding Defendant's conduct prior to the execution of the amendment are irrelevant as both parties continued to act under the terms of the agreement.

when the Phase II study was not completed by the end of the extended due diligence period.  Therefore, this portion of Plaintiff's Motion shall also be denied.

### C.  Jurisdiction Over Escrow Agent

Plaintiff's final argument is that even if this Court determines that its granting of summary judgment was proper, it lacks jurisdiction over the escrow agent to order the return of the earnest money deposit.  Plaintiff alleges that the escrow agent is a necessary party who has a claim to the money for the costs incurred by the agent arising out of the transaction.

As noted by the Plaintiff, § 4.01 of the contract specifically provides that the escrow agent may retain $500.00 for purposes of paying costs associated with obtaining and issuing the title commitment.  The agreement does not provide for any additional recovery for the agent.  Additionally, § 13 of the agreement provides that the escrow agent is "authorized to comply with all laws, orders, judgment, decrees and regulations of any governmental authority or court."  As such, the Court has the jurisdiction to issue an order mandating the escrow agent to return the earnest money deposit.  In light of the provisions of the agreement by which the escrow agent is bound by the orders of this Court and can recover a maximum of $500.00 with regard to this action, the Court's final judgment shall include a provision allowing the escrow agent to retain $500.00 or the costs incurred by the agent in reference to this action, whichever is less.  This matter does not impact the Court's granting of summary judgment.

### IV.  CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Rehearing and Reconsideration as to Granting of Summary Judgment [DE 47] and

Request for Oral Argument [DE 50] are **DENIED**.  Pursuant to this Court's Order Granting Summary Judgment, final judgment and an order regarding payment of attorneys' fees and costs to Defendant shall be entered under separate cover.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 11th day of June, 2007.

/s/ James I. Cohn
JAMES I. COHN
United States District Judge

Copies to:

All Counsel of Record